UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE OHIO CASUALTY INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05 CV 5 JCH |
| ) | |
| CITY OF MOBERLY, MISSOURI, and ) | |
| COMBS CONSTRUCTION COMPANY, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant City of Moberly's Motion to Dismiss, filed April 1, 2005. (Doc. No. 10). This case concerns an impending arbitration between the City of Moberly and Defendant Combs Construction Company, Inc. ("Combs"). Plaintiff Ohio Casualty Company ("Surety") provided a surety bond for Combs for construction services performed for the City of Moberly ("Moberly"). Moberly now asserts that Combs breached the construction contract, and seeks to arbitrate the claims against Combs and Surety. Surety wishes to litigate its personal defenses to enforcement of the bond in court, and seeks a declaratory judgment, a stay of arbitration, and a partial resolution of surety defenses. The matter is fully briefed and ready for disposition.

## BACKGROUND

In 1995, Moberly contracted with Combs to construct a waste water treatment project. Combs and Moberly entered into a contract ("the Contract") that included an arbitration clause. In

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

accordance with the terms of the Contract, Combs obtained a surety bond ("the Bond") from Surety. The Bond incorporates the Contract by reference.

On October 8, 2004, Moberly filed a demand for arbitration against both Combs and Surety, asserting that Combs had breached the Contract by improperly installing the sewer line. Surety filed its First Amended Complaint for a declaratory judgment in this matter on February 7, 2005. (Doc. No. 5). Surety brings three counts: I) a request for a declaratory judgment that Surety may litigate its defenses in court and not be compelled to arbitrate its personal defenses, II) a request for a stay of arbitration pending resolution of Count I, and III) a request for a declaration that Surety's personal defenses preclude payment under the Bond. (First Amended Complaint, Doc. No. 1). Surety asserts that jurisdiction is proper under 28 U.S.C. § 1332.

As stated above, Moberly filed the instant Motion to Dismiss on April 1, 2005. Moberly asserts that Surety fails to state a claim upon which relief can be granted, because the Bond fully incorporates the Contract, which contains an arbitration provision. Moberly also asserts that Surety pleads no facts that necessitate a stay, and that this Court lacks jurisdiction. For the reasons stated below, the Court will treat Moberly's motion as one for summary judgment, and grant it in favor of Moberly.

## **DISCUSSION**

Though Moberly brought this as a motion to dismiss for failure to state a claim upon which relief can be granted, the Court will treat it as a motion for summary judgment because it relies on matters outside of the pleadings. See Fed. R. Civ. P. 12(b) (when "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."). When converting a 12(b)(6) motion to one for summary judgment, "notice to the nonmoving party–whether actual or constructive–is typically required." Blair v. Wills, 420 F.3d 823, 827 (8th Cir. 2005). Here, there is constructive notice to Surety, the non-moving party, because Surety itself suggested that the motion be treated as one for summary judgment. (Response in Opposition to Defendant's Motion to Dismiss, Doc. No. 14, at 2). This is adequate constructive notice that the motion would be treated as one for summary judgment. See Madewell v. Downs, 68 F.3d 1030, 1048 (8th Cir. 1995) (plaintiff had constructive notice from "defendants' alternative designation of their motion as a motion for summary judgment, and [plaintiff's] own submission of materials outside of the pleadings for consideration by the court").

I. **Standard for Summary Judgment**

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Id. at 249.

II. **Arbitration of Surety's Personal Defenses**

As stated above, the Contract provides for the arbitration of all "claims, disputes, and other matters in question arising out of, or relating to, the CONTRACT DOCUMENTS." (Defendant's Motion to Dismiss, Doc. No. 10, attached exh. 1, at 9) (emphasis in original). The Bond incorporates the Contract by reference, stating that the Contract "is by reference made a part hereof as fully as if attached hereto or set forth herein." (Plaintiff's Complaint, Doc. No. 1, attached exh. 3). In addition, the Contract defines "Contract Documents to include the "Performance Bond." (Defendant's Motion to Dismiss, Doc. No. 10, attached exh. 1, at 1). The Contract Agreement also describes the Contract Documents as including the Contract Bonds. (Defendant's Motion to Dismiss, Doc. No. 10, attached exh. 2, at 2).

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Surety asserts that it should not be required to arbitrate its personal defenses[1] to enforcement of the Bond. It argues that its personal defenses to the Bond are separate and distinct from any issues that arise from and relate to the Contract. It further asserts that it is not a party to the Contract, that the Bond is the only binding contract between Surety, Moberly, and Combs, and that the "issue of whether Ohio Casualty and the City agreed to arbitrate or litigate any personal defenses of Ohio Casualty that relate to or arise from the Bond must be answered from the four-corners of the Bond, which serves as the only binding contract between the City, Ohio Casualty, and Combs." (Response in Opposition to Defendant's Motion to Dismiss, Doc. No. 14, at 4). It also asserts that, because it was not a signatory to the Contract, it is not bound to arbitrate its personal defenses.

Here, the Contract, including the arbitration agreement, is expressly incorporated by reference into the Bond. The Missouri Supreme Court has stated that "in a majority of state courts, including Missouri, due to the strong federal policy in favor of arbitration, arbitration agreements are enforced against guarantors or sureties where the arbitration agreement is incorporated by reference into the guaranty or performance bond." Dunn Indus. Group, Inc. v. City of Sugar Creek, 112 S.W.3d 421, 435 (Mo. 2003) (en banc). See also Sheffield Assembly of God Church, Inc. v. Am. Ins. Co., 870 S.W.2d 926, 931 (Mo. Ct. App. 1994) ("if a bond is issued for a construction contract which contains an arbitration clause, and the bond incorporates the construction contract by reference, then the surety is also subject to the arbitration clause."). Missouri courts have also stated that it is "well settled that matters incorporated into a contract by reference are as much a part of the contract as if

---

[1] Surety raises several personal defenses. It asserts that it is not liable under the Bond because Moberly "failed to give timely notice of a claim," Surety "was not permitted to inspect the allegedly defective work," and Moberly "entered into a settlement agreement with the DNR regarding the repair of the system, and then repaired the system, all without the involvement of" Surety. (First Amended Complaint. Doc. No. 5, ¶ 25).

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

set out in haec verba." Trantham v. Old Republic Ins. Co., 797 S.W.2d 771, 774 (Mo. Ct. App. 1990). Therefore, Surety is bound by the arbitration agreement in the Contract the same as it would be if there were an arbitration agreement in the Bond itself.[2]

This Court finds that Surety is bound by the arbitration provision in the Contract, and must arbitrate its personal defenses to the Bond. Because Counts II and III of Surety's Complaint are dependent on Count I, they are dismissed as moot.

III. **Defendant Combs Construction**

The record before the Court discloses the absence of any case or controversy between Surety and Defendant Combs.[3] Combs admits all relevant assertions in the Complaint. (Answer of Defendant Combs, Doc. No. 9). Surety agrees that "Combs is not a necessary party to the claims alleged" in the Complaint, and offers to dismiss Combs as a defendant. (Response in Opposition to Motion to Dismiss, Doc. No. 14, at 13). The Court will thus dismiss Combs as a party to this case.[4]

---

[2] Surety relies on AgGrow Oils, L.L.C. v. Nat'l Union Fire Ins. Co., 242 F.3d 777 (8th Cir. 2001) for their argument that they should not be compelled to arbitrate their claims. In AgGrow, the obligee brought suit against the surety to recover on a bond. The surety argued that the obligee was required to arbitrate disputes because the bond incorporated by reference the contract, and the contract included an arbitration provision. The obligee defended that the bond itself provided that disputes be resolved in court. Id. at 779-80. The Eighth Circuit held that because there was an ambiguity in the contract as to whether disputes should be arbitrated or litigated, then the obligee could not be compelled to arbitrate. Id. at 781-82. AgGrow is distinguishable from the instant case. In AgGrow, the language of the bond conflicted with the language of the contract. Unlike the bond in AgGrow, the Bond in this case contains no language regarding dispute resolution.

[3] Moberly argues that the parties should be realigned to make Combs a plaintiff, thus destroying diversity and giving the Court no jurisdiction to hear the case.

[4] The Court is only dismissing Combs as a party to the instant case. Combs remains a party to the arbitration.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment on Count I of Plaintiff's First Amended Complaint is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Counts II and III of Plaintiff's First Amended Complaint is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Combs is dismissed as a party to this case.

Dated this 7th day of October, 2005

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com